IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
**FILED**

OCT 0 7 2024

IN OPEN COURT
TAMMY H. DOWNS
By:_____
DEPUTY CLERK

UNITED STATES OF AMERICA　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　No. 4:24-CR-122 LPR
　　　　　　　　　　　　　　　　)
JASON SMITH　　　　　　　　　　)

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Jonathan D. Ross, by and through Alexander D. Morgan, Assistant United States Attorney, and Jason Smith, Defendant, represented by undersigned counsel, hereby agree to the following terms and conditions in connection with the above-referenced proceedings.

1.　　GUILTY PLEA: Defendant will waive indictment and permit the United States to proceed by Information charging him with possessing a machinegun in violation of Title 18, United States Code, Section 922(o), as set forth in Count One of the Information. Defendant also agrees to plead guilty to the Information. The parties execute this agreement under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

2.　　ELEMENTS OF THE CRIME: The parties agree the elements of the offense to which Defendant will plead guilty are:

　　　　A.　　Defendant knowingly possessed a "machinegun" as defined under Title 26, United States Code, Section 5845(b); and

　　　　B.　　The defendant knew, or was aware of, the essential characteristics of the firearm that made it a "machinegun."

Defendant agrees he is guilty of the offense charged, and each of these elements is true.

3.    PENALTIES:

A.    STATUTORY PENALTIES: The penalty for the charge set forth in Count One is not more than ten (10) years' imprisonment, a fine of not more than $250,000, not more than three years of supervised release, and a $100 special assessment.

B.    SUPERVISED RELEASE: Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in serving a total term of imprisonment greater than the statutory maximum stated above.

4.    WAIVERS: Defendant acknowledges he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Defendant further understands by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A.    The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

(1)    Defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that Defendant reserves the right to appeal claims of prosecutorial misconduct and Defendant reserves the limited right to appeal the substantive reasonableness of

1

the sentence of imprisonment if the sentence is above the Guideline range established at sentencing provided Defendant makes a contemporaneous objection;

(2)     Defendant expressly acknowledges and agrees the United States reserves its right to appeal Defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

(3)     Defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(4)     Defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(5)     Defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

(6)     Defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B.     The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

C.     The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D.     The right to confront and cross examine witnesses;

E.     The right to testify in his own behalf if Defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against Defendant; and

2

F.      The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

G.      Under Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant understands upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5.      STIPULATIONS: The United States and Defendant stipulate to the following:

A.      The parties agree and stipulate the base offense level shall be determined under U.S.S.G. § 2K2.1.

B.      The parties agree the offense level shall be increased by four levels under U.S.S.G. § 2K2.1(b)(6)(B) because the weapon was possessed in connection with another felony offense.

C.      Defendant is eligible for a two-level reduction for accepting responsibility unless he takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or greater, determination of whether Defendant is eligible for a third level reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

D.      Defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by Defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

3                                    USAO-EDAR-2023

E.     Defendant stipulates the following facts are true: on February 23, 2023, Little Rock police initiated a traffic stop on a silver sedan driven by Defendant. Seated beside him was his girlfriend. Upon making contact with Defendant, police learned he did not have a valid driver's license and made arrangements for the car to be impounded. An inventory search followed. Under the driver's seat police found a Glock, .45 caliber pistol, bearing serial number MCF383, equipped with a Glock switch, a machinegun conversion device that enables fully automatic fire with a single trigger pull. Defendant understood the firearm could fire automatically. Elsewhere in the car police found a backpack containing marijuana and digital scales. After discovery of the contraband, Defendant told police "everything in the car is mine" and his girlfriend was blameless. Police thereafter placed Defendant under arrest for possession of a controlled substance with intent to distribute, simultaneous possession of controlled substances and a firearm, driving without a license, and various traffic violations.

F.     The parties understand the Court is not bound by these stipulations. Defendant further understands if the Court does not accept this Plea Agreement, then Defendant is not entitled to withdraw the guilty plea or otherwise be released from Defendant's obligations under this Agreement and Addendum.

6.     SENTENCING GUIDELINES:  It is specifically understood by Defendant the Sentencing Guidelines are not mandatory but are advisory, and the Court is to consult them in determining the appropriate sentence. Defendant understands the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. Defendant is aware any estimate of the probable sentencing range under the Sentencing Guidelines he may have received from counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United

4

States makes no promise or representation concerning what sentence Defendant will receive and Defendant cannot withdraw a guilty plea, or otherwise avoid Defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree if the guideline range is greater or less than Defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither Defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7.     ALLOCUTION:  The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8.     COOPERATION IN THE SENTENCING PROCESS:

A.     Defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. Defendant shall voluntarily provide a complete and truthful written accounting of Defendant's criminal history to the Probation Office.

B.     Defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

C.     Defendant understands and acknowledges his obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but also requires Defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether Defendant believes the arrest/conviction counts under the Sentencing Guidelines.

D.     Defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

USAO-EDAR-2023

9.   FINANCIAL MATTERS:

A.   FINANCIAL STATEMENT:   Defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B.   GENERAL:   Defendant agrees, unless the Court specifically states otherwise, any restitution, fine, or forfeiture imposed by the Court in this case will be due and payable immediately and, therefore, Defendant consents to immediate enforcement by the United States by any means, including enforcement under Title 18, United States Code, Section 3613, and the Treasury Offset Program. If the Court imposes a payment schedule, then Defendant agrees the schedule will represent a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligations. Defendant also understands he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. Further, Defendant understands and agrees, under Title 11, United States Code, Section 523(a)(7) and other pertinent bankruptcy laws, any restitution, fine, or forfeiture imposed by the Court cannot be discharged in bankruptcy; accordingly, Defendant agrees not to attempt to discharge these obligations in any current or subsequent bankruptcy proceeding.

C.   FINES:   Defendant understands unless the Court determines he is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

D.   SPECIAL PENALTY ASSESSMENT:   Defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court prior to appearing for sentencing. Cashier's checks or money orders should

6                                                                USAO-EDAR-2023

be made payable to "Clerk, United States District Court." Defendant agrees to provide a receipt as evidence of fulfillment of this obligation at the time of sentencing.

E.     RESTITUTION: The parties state restitution is not applicable, and there are no victims who are due restitution from Defendant.

10.     DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION: The United States Attorney for the Eastern District of Arkansas will bring no further charges against Defendant for any acts or conduct arising out of the events described in the Information, which is the subject of this action, unless Defendant breaches this Agreement and Addendum.

11.     RECORDS: Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.     ASSET FORFEITURE:

A.     Defendant agrees to forfeit all interests in property involved in the offense including one Glock, .45 caliber pistol, bearing serial number MCF383, equipped with a machinegun conversion device, and all associated ammunition.

B.     Defendant agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement. Defendant understands, unless the Attorney General or an authorized designee determines otherwise, the forfeiture of assets described above shall not be counted towards satisfaction of any special assessment, fine, restitution, or any other penalty the court may impose.

C.   Defendant agrees not to assist any other individual in contesting the forfeiture of the assets described above and agrees there was reasonable cause to seize those items. Defendant also agrees to prevent the disbursement of the assets described above if the disbursements are within Defendant's direct or indirect control. Defendant agrees to take all steps requested by the United States to pass clear title to the above-described assets to the United States, including, but not limited to, the execution of the Consent Decree of Forfeiture and the completion of any other legal documents required for the transfer of title to the United States.

D.   Further, Defendant withdraws all previously filed claims to, waives all interest in, and consents to the forfeiture or abandonment of the above-described assets. The United States has the discretion to determine whether the forfeiture or abandonment will be accomplished through an administrative or judicial proceeding, which includes any criminal, civil, state, or federal action. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges the forfeiture of assets is part of the sentence that may be imposed in this case and waives the provision of Rule11(b)(1)(J) requiring the Court to advise Defendant of this consequence at the time the guilty plea is accepted. Defendant waives any right he may have to: (1) receive notice of any non-judicial forfeiture proceeding within the time frames provided in Title 18, United States Code, Section 983, and (2) have the property returned to him if notice is not sent within those prescribed time frames. Defendant knowingly and voluntarily waives any right to receive notice of and to submit a statement of interest in any abandonment proceeding.

USAO-EDAR-2023

E.   Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture or abandonment carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture or abandonment constitutes an excessive fine or punishment.

13.   CIVIL CLAIMS BY THE GOVERNMENT:   Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against Defendant, including but not limited to tax matters.

14.   EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM:

A.   Defendant acknowledges and understands if he violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, then the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)   terminate this Agreement and Addendum; or

(2)   proceed with this Agreement and Addendum and

(a)   deny any and all benefits to which Defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

(b)   advocate for any sentencing enhancement that may be appropriate.

B.   In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. Defendant acknowledges and understands the agreement of the United States to dismiss any charge is

9                                          USAO-EDAR-2023

conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if Defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

C.      Defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against Defendant as a result of his breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

D.      In the event the Agreement and Addendum is terminated or if Defendant successfully moves to withdraw his plea, then any statement made by Defendant in negotiation of, or in reliance on this Agreement and Addendum, including any statements made in the course of a proffer, this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy:

(1)      may be used in the United States' case in chief and to cross examine Defendant should he testify in any subsequent proceeding; and/or

(2)      any leads derived therefrom may be used by the United States. Defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

15.      PARTIES:   This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and Defendant. It does not bind any United

States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state, or local prosecuting, administrative, or regulatory authority.

16.   MISCELLANEOUS:

A.   MODIFICATION:   No term or provision contained herein may be modified, amended, or waived except by express written agreement signed by the party to be bound thereby.

B.   HEADINGS AND CAPTIONS:   Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C.   WAIVER:   No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D.   RIGHTS AND REMEDIES CUMULATIVE:   The rights and remedies of the United States expressed herein upon any breach hereunder by Defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by Defendant.

E.   JOINT NEGOTIATION:   This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms-length agreements.

11                                     USAO-EDAR-2023

17.     NO OTHER TERMS:  This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

18.     APPROVALS AND SIGNATURES:

A.     DEFENDANT:  Defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. Defendant understands and voluntarily agrees to the terms and conditions of this Agreement and Addendum. Further, Defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to Defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced Defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges he has entered into this Agreement and Addendum, consciously and deliberately, by Defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding obligation of Defendant, fully enforceable against Defendant in accordance with its terms. Finally, Defendant is satisfied with the representation of his attorney in this case.

B.     DEFENSE COUNSEL:  Defense counsel acknowledges he is the attorney for Defendant, and he has fully and carefully discussed every part of this Agreement and Addendum with Defendant. Further, defense counsel has fully and carefully advised Defendant of Defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and

USAO-EDAR-2023

Addendum. To counsel's knowledge, Defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

DATED this ___7___ day of _OCTOBER__, 2024.

JONATHAN D. ROSS
United States Attorney

_Jason Smith_
JASON SMITH
Defendant

_Alexander D. Morgan_
ALEXANDER D. MORGAN
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
alex.morgan@usdoj.gov

_Ronald L. Davis, Jr._
RONALD L. DAVIS, JR.
Attorney for Defendant

13